**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GEORGE R. OVERLY,** | : | **Civil  No. 1:10-CV-2392** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **GLOBAL CREDIT & COLLECTION** | : | |
| **CORP., INC.,** | : | |
| | : | |
| **Defendant.** | : | |

**MEMORANDUM OPINION**

I.      **Statement of Facts and of the Case**

This case is an action brought under the Fair Debt Collection Practices Act

(hereafter "FDCPA") 15 U.S.C. §1692, et seq.  This matter now comes before the

Court for assessment of costs and fees following the entry of an offer of judgment in

favor of the plaintiff. (Docs. 13-15.)

The plaintiff commenced this action by filing a complaint on November 18,

2010, and paying the required $350 filing fee. (Doc. 1.) A summons issued and that

summons was returned executed by the plaintiff on December 14, 2010. (Doc. 3.)

When initial discussions between the parties revealed that the plaintiff's original

complaint might be timed barred under the FDCPA's one-year statute of limitations,

the plaintiff filed an amended complaint on January 20, 2011, which added factual averments within this limitations period. (Doc. 4.) The defendants filed an answer to the complaint on February 4, 2011, (Doc. 5), and a case management plan was prepared, (Doc. 10), but before an initial case management conference could be scheduled the parties announced that they had reached a settlement of this dispute. (Docs. 13-16.) Under the terms of that settlement the defendant agreed to pay damages of $1,001, as well as "reasonable attorney fees as agreed to by the parties, or if no agreement can be reached, as determined by the Court on motion." (Doc. 14.)

While the parties apparently had some halting e-mail exchanges relating to attorney fees, this exchange did not result in an agreement on fees, in part because it appears that the parties may have been inadvertently misdirecting some of their e-mail communications. (Doc. 18.) Accordingly, the plaintiff filed a motion for attorney fees and costs on June 3, 2011. (Doc. 16.) This motion sought to recover filing costs of $350.00, and attorney and paralegal fees of $8,642.00, for total costs and fees of $8,992.00. (Doc. 16.) The defendant has filed a response to this fee petition, which challenges various components of these fee claims, and urges the Court to award fees and costs totaling $2,987.50. (Doc. 18.)  Thus, this matter is now ripe for resolution.

Having conducted an independent review of this petition and response, for the reasons set forth below, it is ordered that the petition is granted, in part, and denied,

in part, and judgment is entered in favor of the plaintiff on this petition in the amount of $5,746.00, consisting of costs of $350.00, and attorney's fees of $5,396.00.

## II.   Discussion

### (A)   Legal Standards Governing Costs, and Attorney's Fee Calculations Under The Fair Debt Collection Practice Act

The Fair Debt Collections Practice Act, 15 U.S.C. §1692, forbids harassment, abuse or the use of misleading conduct in connection with debt collection, 15 U.S.C. §§ 1692c-f, and provides an array of civil remedies for those who are aggrieved by deceptive or intimidating debt collection practices. Specifically, the FDCPA provides that:

> [A]ny debt collector who fails to comply with any provision of th[e] [FDCPA] with respect to any person is liable to such person in an amount equal to the sum of--
>
> **(1)** any actual damage sustained by such person as a result of such failure;
>
> **(2)(A)** in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000;
>
> ******
>
> **(3)** in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

15 U.S.C. § 1692k(a).

Thus, by its terms, the FDCPA provides for a panoply of remedies on behalf of plaintiffs like Overly, including actual or statutory damages, costs, and reasonable attorneys fees. The availability of each of these remedies, in turn, is further described and defined both by statute and through case-law construing the FDCPA. In this case, the parties have reached a settlement with respect to damages, with the defendant agreeing to pay $1,001, an amount which is slightly in excess of the maximum amount of statutory damages allowed under the FDCPA, which provides that the Court may award "such additional damages as the court may allow, but not exceeding $1,000." 15 U.S.C. §1692k(a)(2)(A).

The Act further authorizes a prevailing plaintiff to recover "the costs of the action." 15 U.S.C. §1692k(a)(3). These costs typically include filing and service fees and expenses, as well as reasonable postage expenses associated with the litigation. See 28 U.S.C. §1920(1)-(6), Gervais v. O'Connell, Harris & Associates, Inc., 297 F.Supp.2d 435 (D.Conn. 2003).

Finally, the Act also permits the recovery of "a reasonable attorney's fee as determined by the court." 15 U.S.C. §1692k(a)(3). With respect to the attorney's fee provision of the Act, it is well-settled that: "Given the structure of [15 U.S.C.

§1692k], attorney's fees should not be construed as a special or discretionary remedy; rather, the Act mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general." Graziano v. Walkeron, 950 F. 2d 107, 113 (3d Cir. 1991) (reiterating that several courts have required an award of attorney's fees even where violations were so minimal that statutory damages were not warranted). In setting a reasonable attorney's fee,"[t]he starting point for a determination of attorney's fees, the lodestar calculation, is the product of: [1] the number of hours reasonably expended . . . [2] times an hourly fee based on the prevailing market rate." Doering v. Union County Bd. of Chosen Freeholders, 857 F.2d 191, 195 (3d Cir. 1988); see also Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The party seeking fees bears the burden of producing "sufficient evidence of what constitutes a reasonable market rate for the essential character and complexity of the legal services rendered . . . ." Knight v. Drye, 2009 U.S. Dist. LEXIS 82369 (M.D. Pa. Sept. 10, 2009) (quoting McCutcheon v. America's Servicing Co., 560 F.2d 143, 150 (3d Cir. 1990). See also Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 564 (1986) (party seeking fees has the initial burden of presenting evidence that the claimed rates and time expended are reasonable).

Determining a reasonable hourly rate generally "is calculated according to the prevailing market rates *in the relevant community*." Loughner v. Univ. of Pittsburgh, 260 F.3d 173, 180 (3d Cir. 2001)(emphasis added). In most cases, the relevant market rate is the prevailing rate in the forum of the litigation. See Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 426 F.3d 694, 705 (3d Cir. 2005). A court must not make a finding of reasonableness based on its own "generalized sense" of appropriateness, but instead "must rely on the record." Evans v. Port Auth. of N.Y. and N.J., 273 F.3d 346, 361 (3d Cir. 2001) (quoting Smith v. City of Phila. Housing Auth., 107 F.3d 223, 225 (3d Cir. 1997)).   Courts are to "assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Maldonado v. Houstoun, 256 F.3d 181, 184 (3d Cir. 2001);   Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990).   The party seeking fees "bears the burden of establishing by way of satisfactory evidence, 'in addition to [the] attorney's own affidavits,' . . . that the requested hourly rates meet this standard." Washington v. Philadelphia Cty. Ct. of Common Pleas, 89 F.3d 1031, 1035 (3d Cir. 1996) (citing Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)). The petitioning attorney's usual billing rate is typically a starting point in this calculation, but it is not dispositive. Loughner, 260 F.3d at 180.

With respect to calculating the number of hours reasonably expended, the court "should review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'" Public Int. Research Group of N.J., Inc. v. Windall, 51 F.3d 1179, 1188 (3d Cir. 1995) (internal citation omitted); see also Dellarciprete, 892 F.2d at 1183 ("The district court should exclude hours that are not reasonably calculated."). In general, hours are not considered to have been reasonably expended "if they are excessive, redundant, or otherwise unnecessary." Id. The court may permissibly deduct hours from the fee award if the attorney inadequately documents the hours claimed. Id.

### B. Assessment of Costs and Fees in This Case

With these legal benchmarks in mind, we turn to an assessment of the costs and attorney's fees claims made by plaintiff's counsel in the instant case.

### (1) Costs

At the outset, Overly seeks reimbursement of costs totaling $350.00, consisting of the plaintiff's filing fees. In FDCPA actions prevailing plaintiffs typically are entitled to recover their costs, which may include filing and service fees and expenses, as well as reasonable postage expenses associated with the litigation. See 28 U.S.C. §1920(1)-(6); Gervais v. O'Connell, Harris & Associates, Inc., 297 F. Supp.

2d 435 (D.Conn. 2003). Since the costs listed by the plaintiff are entirely appropriate and may be recovered in this action, it is ordered that these costs be paid in full in this matter.

### (2)   Attorney's Fees

In addition, Overly seeks to recover attorney fees. These fees are the principal matter in dispute between the parties in this case. Yet, while the parties dispute the amount of reasonable fees in this case, the plaintiff's entitlement to fees is undisputed and undeniable. Overly is entitled to payment of attorney's fees since the Act specifically authorizes the recovery of "a reasonable attorney's fee as determined by the court." 15 U.S.C. §1692k(a)(3). Moreover, in assessing such fee requests we must remain mindful of the fact that "[g]iven the structure of [15 U.S.C. §1692k], attorney's fees should not be construed as a special or discretionary remedy; rather, the Act mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general." Graziano v. Walkeron, 950 F. 2d 107, 113 (3d Cir. 1991).

In assessing the reasonableness of this particular requested fee award, as we have previously observed, "[t]he starting point for a determination of attorney's fees, the lodestar calculation, is the product of [1] the number of hours reasonably expended . . . [2] times an hourly fee based on the prevailing market rate." Doering

v. Union County Bd. of Chosen Freeholders, 857 F.2d 191, 195 (3d Cir. 1988); see also Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). In his motion, Overly's counsel seeks attorney and paralegal  fees of $8,642.00, asserting that counsel and paralegal staff expended 28.40 hours of time in this case, which should be reimbursed at an hourly rates ranging from $425.00 per hour, down to $85.00 per hour. We, therefore, turn to an assessment of both the reasonableness of these hourly rates, as well as a review of the time expended in this litigation.

### (a)   **Hourly Rate Calculation**

In making this fees determination, we first consider the plaintiff's hourly rate calculation. The plaintiff's fee petition seeks reimbursement for the work of four attorneys in this case–Craig Thor Kimmel, Tara Patterson, Amy Bennecoff, and Sarah Young. As to Mr. Kimmel, citing fee claims premised on large urban legal markets like Philadelphia and the District of Columbia, the plaintiff seeks to collect fees at an hourly rate of $425.00. With respect to Ms. Bennecoff, Ms. Patterson and Ms. Young, Overly's counsel seek to be reimbursed at an hourly rate of $300.00.

While Overly makes these claims based upon what he asserts are prevailing market rates in large urban markets, we note that in determining a reasonable hourly rate, that rate generally "is calculated according to the prevailing market rates *in the relevant community*." Loughner v. Univ. of Pittsburgh, 260 F.3d 173, 180 (3d Cir.

2001)(emphasis added). In most cases, the relevant market rate is the prevailing rate in the forum of the litigation, in this case the Middle District of Pennsylvania. See Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 426 F.3d 694, 705 (3d Cir. 2005).

## 1.      Attorney Fees

Applying this benchmark, we find that our own assessment of attorney fee award hourly rates approved by the courts in this district suggests that attorneys of plaintiff's counsels' background, and experience in this particular legal marketplace, typically command a fee rate of between $200 and $300. See, e.g., Haines v. Forbes Road School Dist., No. 07–851, 2010 WL 56101 (M.D.Pa. Jan. 5, 2010)($280 hourly rate); Diana v. Oliphant, No. 05-2338, 2009 WL 2426134 (M.D. Pa. Aug. 6, 2009)(hourly rates of $260 and $250); Buck v. Stankovic, No. 07-717, 2008 WL 4072656 (M.D.Pa. Aug. 27, 2008)(finding a range of reasonable rates for attorneys of varying experience between $160 and  $300 per hour); Lohman v. Borough, No. 05-1463, 2008 WL 2951070 (M.D. Pa. July 30, 2008)(hourly rate of $215); DIRECT TV v. Walsh, No. 03-72, 2006 WL 3308668 (M.D.Pa. Oct. 12, 2006)(hourly rates range between $175-$200). Indeed, in an FDCPA action, this Court has recently identified an hourly rate of $250 per hour as a fair and appropriate rate in this particular legal community. See Jackson v. National Credit Adjuster, LLC, No. 08-480, 2009 WL 367408 (M.D. Pa. Feb. 13, 2009).

For its part, the defendant agrees that Mr. Kimmel should be reimbursed at an hourly rate of $300.00 per hour, the highest hourly rate prevailing in this particular legal market. (Doc. 18, p. 7. ) With respect to Ms. Bennecoff, the defendant proposes an hourly rate of $200.00. (Id.) As for Ms. Young and Ms. Patterson, the defendant proposes an hourly rate of $175.00 per hour. (Id.) We concur that an appropriate hourly rate for Mr. Kimmel, an attorney with 20 years experience,  is $300.00 per hour.  See Buck v. Stankovic, No. 07-717, 2008 WL 4072656 (M.D.Pa. Aug. 27, 2008)(finding a range of reasonable rates for attorneys of varying experience between $160 and  $300 per hour).  As for Ms. Patterson, who has extensive legal experience spanning 10 years, we believe that an hourly rate of $250.00 per hour, is an appropriate billing rate. See Jackson v. National Credit Adjuster, LLC, No. 08-480, 2009 WL 367408 (M.D. Pa. Feb. 13, 2009). Ms. Young and Ms. Bennecoff have less legal experience, seven and four years respectively, and played lesser roles in this litigation. Accordingly, with respect to these two attorneys, we believe that the appropriate hourly rate would be $200 per hour.[1]

---

[1]In particular, we note that Ms. Young's principal contribution to the case consisted of drafting the original complaint, which had to be amended due to statute of limitations concerns, a factor which also cautions in favor of an hourly rate at the lower end of the range typically adopted by the court.

## 2.     Paralegal Hourly Rates

In addition, the plaintiff's fee petition seeks reimbursement of 5.2 hours of paralegal and legal assistant fees for four legal professionals– Christy Sunchych, Chloe O'Connell, Jason Ryan, and Trena Hawkins. As to Ms. Sunchych and Ms. O'Connell, the petition cites an hourly rate of $165.00; Mr. Ryan's services are billed at an hourly rate of $155.00; and Ms. Hawkins' services are billed at an hourly rate of $85.00. The defendant aptly notes that these rates are largely unsupported in the fee petition, and correctly observes that paralegal fees are typically billed at a rate that ranges between $70.00 and $120.000 per hour. See e.g.,  DIRECT TV v. Walsh, No. 03-72, 2006 WL 3308668 (M.D.Pa. Oct. 12, 2006)(paralegal hourly rate of $65.00); Holliday v. Cabrera & Associates, P.C., No. 05-971, 2007 WL 30291 (Jan. 4, 2007)(paralegal fees of $115.00). Given these shortcomings, the defendant invites us to reject this category of fees in its entirety. While the defendant invites us to eschew these paralegal fees entirely, citing the sparse support for the reasonableness of these fees, in this case we will elect instead to cap the rate for those fees at the minimum reasonable range suggested by the parties in their pleadings, $70.00 per hour, a rate consistent with rates previously approved by this court. DIRECT TV v. Walsh, No. 03-72, 2006 WL 3308668 (M.D.Pa. Oct. 12, 2006)(paralegal hourly rate of $65.00).

### (b)   Hours Worked

Having set the appropriate hourly rates in this case, we now turn to an assessment of the hours expended in this litigation. Plaintiff's counsel details 28.40 of legal work which is directly attributed to the litigation of this matter. (Doc. 16.) We have carefully and independently reviewed this aspect of Overly's fees claim, and find that the bulk of the hours charged to this case are appropriate, with the following minor exceptions:

First, we note that the plaintiff's billing statement reflects that various personnel devoted 3.9 hours to the drafting of the original complaint that was filed in this matter. After that complaint was filed, plaintiff's counsel was informed of a possible legal flaw in the complaint, the fact that it did not appear to contain factual averments falling within FDCPA's one-year statute of limitations. It then appears from the billing statement that an additional 1.0 hours of time was devoted by Mr. Kimmel (.60 hours) and Ms. Patterson (.40 hours) to the preparation of an amended complaint which made factual averments within the limitations period. This latter expenditure of time, devoted to revising the complaint to allege a cause of action within the limitations period, in our judgment seems largely redundant of the initial time which should have been devoted to the preparation of the original complaint. Since this additional time seems "'excessive, redundant, or otherwise unnecessary,'"

Public Int. Research Group of N.J., Inc. v. Windall, 51 F.3d 1179, 1188 (3d Cir.

1995), we will exclude this time from the fee calculation in this case.

In addition, the defendants note that, in some measure, these fee charges seem

to reflect time spent by the diverse litigation team in this matter, which consisted of

four lawyers and four legal professionals, updating one another regarding what they

were doing in this case. Indeed, the defendants have noted the following time devoted

to this type of intramural communication among plaintiff's counsel by various

attorneys and paralegals: Mr. Kimmel–.70 hours;  Ms. Patterson–1.10 hours; Ms.

Young–.10 hours;  Ms. Sunchych–.30 hours; and Mr. Ryan–.10 hours. We agree that

these intramural updates, which seem to be a product of the diverse staffing of this

straightforward litigation, should not be assessed against the defendants. Therefore,

we will also exclude these hours from the fees calculation.

As for the remaining specific objections leveled by the defendant to this

component of the lodestar fee analysis, we decline to adopt those objections. In

particular we conclude that it was not unreasonable for Ms. Patterson and Mr.

Kimmel, the two attorneys principally responsible for this case, to each devote

approximately one hour to the assessment of the offer of judgment tendered by the

defendants. Therefore, we will not reduce this fee claim by the time spent guiding the

case to a successful resolution on its merits. We also, in the exercise of our discretion,

will decline the defendant's suggestion that time spent in fee petition preparation be excluded from this calculation since that time is clearly recoverable under the FDCPA. See Andrews v. Professional Bureau of Collections of Maryland, Inc., 270 F.R.D. 205, 207 (M.D. Pa. 2010).

### (c)    Attorney Fees Calculation

On the basis of these findings we conclude the following with respect to the attorney and paralegal fee calculations in this matter:

| Legal Professional | Adjusted Fee Rate | Adjusted Hours | Total |
|---|---|---|---|
| Craig Thor Kimmel | $300.00 per hour | 5.50 hours | $1,650.00 |
| Tara Patterson | $250.00 per hour | 9.00 hours | $2,250.00 |
| Amy Bennecoff | $200.00 per hour | 3.60 hours | $ 720.00 |
| Sarah Young | $200.00 per hour | 2.20 hours | $ 440.00 |
| Paralegals | $70.00 per hour | 4.80 hours | $ 336.00 |

Thus, the total recoverable fees in this matter are $5,396.00, plus undisputed costs of $350.00, for a combined total of $5,746.00.

### III.   Conclusion

For the reasons set forth above, it is ORDERED that the defendants pay the following fees and costs in this case:

COSTS:                                              $ 350.00

ATTORNEY'S FEES                                $5,396.00

TOTAL                                          $5,746.00

So ordered this 6th day of July, 2011.


                              *S/Martin C.  Carlson*
                              Martin C. Carlson
                              United States Magistrate Judge